```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


KEITH MOLIN and CARMEN MOLIN,      §
                                   §
     Plaintiffs,                   §
                                   §
v.                                 §   CIVIL ACTION NO. H-13-2394
                                   §
FREMONT INVESTMENT & LOAN,         §
GREENWICH CAPITAL FINANCIAL        §
PRODUCTS, INC., FINANCIAL ASSET    §
SECURITIES CORP., DEUTSCHE         §
BANK NATIONAL TRUST COMPANY        §
AS TRUSTEE FOR THE FREMONT         §
HOME LOAN REMIC TRUST 2006-3,      §
AMERICA'S SERVICING COMPANY,       §
WELLS FARGO BANK, NA, MORTGAGE     §
ELECTRONIC REGISTRATION SYSTEM     §
("MERS"), AND DOES 1-100           §
INCLUSIVE,                         §
                                   §
     Defendants.                   §
```

MEMORANDUM AND ORDER

Pending is Defendants Wells Fargo Bank N.A., Deutsche Bank National Trust Company as Trustee for the Fremont Home Loan Remic Trust 2006-3, America's Servicing Company, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Document No. 4). After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.

I. Background

In August, 2006, Plaintiff Keith Molin executed a Note in the amount of $154,500 in favor of Defendant Fremont Investment & Loan

("Fremont") secured by a Deed of Trust on his home located at 12754 Big Spring Trail, Humble, Harris County, Texas 77346 ("the Property").[1]  Defendant Mortgage Electronic Registration System, Inc. ("MERS") was nominated as a beneficiary under the Deed of Trust.[2]  Having evidently defaulted on payment of the $154,500 Note, Plaintiffs Keith Molin and his wife Carmen Molin ("Plaintiffs")[3] filed this suit to enjoin the foreclosure sale of the Property and for damages.

Plaintiffs allege that, on November 27, 2012, MERS attempted to assign Plaintiffs' mortgage to Defendant Deutsche Bank National Trust Company as Trustee for the Fremont Home Loan Remic Trust 2006-3 ("Deutsche Bank") as part of a process of securitization,[4] but that the assignment was improper because the signor for MERS, Nicholas Wolf, was employed by Defendant Wells Fargo Bank, NA

---

[1] Document No. 4, exs. A (Note) and B (Deed of Trust).  As the Note and Deed of Trust are attached to Defendants' Motion to Dismiss, are referred to in Plaintiffs' Original Petition, and are central to Plaintiffs' claims, the Court may consider them in evaluating the Motion to Dismiss.  *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

[2] Document No. 4, ex. B at 3 of 25.

[3] Keith Molin executed the Note, and both Keith Molin and Carmen Molin executed the Deed of Trust.  Document No. 4, ex. A at 6 of 7; id. ex. B at 16 of 25.

[4] Plaintiffs define securitization as a process "whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms."  Document No. 1-3 at 5.

("Wells Fargo") at the time.[5]  Plaintiffs allege Deutsche Bank is the "Trustee" for the securitized trust, Fremont Home Loan Trust 2006-3, and America's Servicing Company ("America's Servicing") is the "Master Servicer," Greenwich Capital Financial Products, Inc. ("Greenwich") is the "Sponsor," Financial Asset Securities Corp. ("Financial Asset") is the "Depositor," and Wells Fargo is the "Special Servicer" of the trust.[6]  Plaintiffs allege that MERS is also a "purported participant in the imperfect securitization" of the Note and Deed of Trust, and that Does 1-100 inclusive each "is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property."[7]

Plaintiffs assert that after the improper assignment, Defendants MERS, Wells Fargo, and America's Servicing attempted to foreclose on the Property.[8]  Plaintiffs name as Defendants Fremont, Greenwich, Financial Asset, Deutsche Bank, America's Servicing,

---

[5] Id. at 8-9.  Plaintiffs also object to the February 18, 2013 Assignment from MERS to Deutsche Bank of a mortgage to secure payment of a second loan in the amount of $38,625 (together with the November 27, 2012 assignment, "the Assignments"), on the grounds that the signor for MERS, Michelle Wihren, was also employed by Wells Fargo at the time. Id. at 9; id., ex. A at 17, 43.  Plaintiffs further object that neither Wolf nor Wihren had "capacity or agency authority to sign" or "personal knowledge of the information in the document," that they did not sign their actual signatures, and that no consideration was given for the assignments.  Document No. 1-3 at 10-11.

[6] Document No. 1-3 at 2-3.

[7] Id. at 3.

[8] Id. at 4; Document No. 6 ¶ 14.

3

Wells Fargo, MERS, and Does 1-100 inclusive, seek injunctive relief and a declaratory judgment that Defendants lack standing to foreclose due to flaws in the assignment, and assert claims for quiet title and rescission.[9]  Defendants Wells Fargo, Deutsche Bank, America's Servicing, and MERS (collectively, "Movants") move to dismiss, arguing that Plaintiffs do not have standing to challenge the assignment of the Note and Deed of Trust.[10] Plaintiffs have not made proof of service on any other named Defendant.

## II.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint

---

[9] Document No. 1-3.

[10] Document No. 4.

favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Analysis

Movants assert that Plaintiffs' claims must be dismissed because Plaintiffs lack standing to challenge the facially-valid Assignments.[11]  In Reinagel v. Deutsche Bank Nat. Trust Co., 735 F.3d 220 (5th Cir. 2013), mortgagors sought to enjoin Deutsche Bank from foreclosing on their property by challenging the validity of an assignment from the original lender to Deutsche Bank on the

---

[11] Document No. 4.

grounds that the individual who signed the assignment on behalf of the lender was actually employed by a third-party contractor. The Fifth Circuit held that while an obligor can defend against an assignee's efforts to enforce the obligation on grounds that render the assignment void, he may not do so on grounds that render the assignment merely voidable at the election of the assignor. Id. at 225.  Under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." Id. at 226 (citing Nobles v. Marcus, 533 S.W.2d 923 (Tex. 1976)). As a result, the signor's alleged lack of authority did not provide a basis for the mortgagors to challenge the assignment.  Id.  Like the mortgagors in Reinagel, Plaintiffs here challenge the Assignments on grounds that render them voidable, rather than void, and thus, Plaintiffs lack standing on this basis to attack the Assignments.  Accordingly, this challenge to the authority of the person who was signatory on the Assignment fails to state a claim upon which relief may be granted to Plaintiffs.

Plaintiffs also object to the Assignments on the grounds that "the signatures of each assignment on file were not the actual signatures of Wolf and [Wihren]."[12]  The Fifth Circuit rejected a similar argument in Reinagel.  There, the mortgagors argued that

---

[12] Document No. 1-3 at 11.

the assignment was void as a forgery because the signor's signature was scanned onto documents and notarized as an original. Reinagel, 735 F.3d at 227. However, "Texas recognizes typed or stamped signatures–and presumably also scanned signatures–so long as they are rendered by or at the direction of the signer." Id. Since the mortgagors had not alleged that the signature was scanned onto the document without the signor's authorization, they had not adequately alleged that the signature was a forgery. Id. Likewise, Plaintiffs here merely allege that the signatures on the Assignments were not the actual signatures of Wolf and Wihren; they do not allege that the signatures were affixed without the signors' authorization.[13]

---

[13] In their Original Petition, Plaintiffs also object that "no actual consideration for the transfer exists." Id. However, they do not allege any facts to support this contention, and the Assignments state that they are made "For Value Received." Id., ex. A at 15, 17.

Furthermore, Plaintiffs allege that "[n]o defendant has presented or can present it is the holder of the note or the representative of the holder of the note with the right to foreclose as a mortgagee" and that "[t]here were no actual assignments or transfers of the note at any stage of the securitization chain of title." Document No. 1-3 at 10. However, the Assignments purport to transfer the notes. Id., ex. A at 15 ("Such Mortgage . . . together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage."); id., ex. A at 17 (same). Moreover, the Fifth Circuit has squarely rejected the argument that an assignee lacks the power to foreclose because it holds only the deed of trust and not the underlying note. Kramer v. Federal Nat. Mortg. Ass'n, No. 12-51171, 2013 WL 5273224, at *1 (5th Cir. Sept. 19, 2013) ("The panel in *Martins* clearly held that the Texas Property Code allows a party who has been assigned the deed of trust by MERS to foreclose,

All of Plaintiffs' claims are predicated on their challenge to the validity of the Assignments. Because this challenge fails as a matter of law, all of Plaintiffs' claims against Movants are dismissed. Although Plaintiffs request leave to replead, they do not state any facts--in addition to those set out at length in their 20-pages long Complaint--that they would plead to allege a valid challenge to the Assignments.[14] Allowing Plaintiffs to replead would therefore be futile, and Plaintiffs' request to replead is denied. *See* Foman v. Davis, 83 S.Ct. 227, 230 (1962) (listing "futility of amendment" as a reason to deny leave to amend).

## V. Order

Based on the foregoing, it is

---

regardless of whether that party also holds the underlying note.") (citing Martins v. BAC Home Loan Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013) ("The party to foreclose need not possess the note itself.")).

Finally, Plaintiffs challenge the Assignments on the grounds that they violated the Pooling and Service Agreement ("PSA") governing the trust and the MERS rules. Document No. 6 ¶¶ 25, 36, 41. However, Plaintiffs do not allege that they are parties or third-party beneficiaries to either the PSA or the MERS rules, and therefore allege no basis to enforce their terms. *See* Reinagel, 735 F.3d at 228. Even if Plaintiffs did have such a right, the fact that the Assignments violated these agreements would not render the Assignments void, but would merely entitle Plaintiffs to sue for breach of the PSA or MERS rules. Id.

[14] *See* Document No. 6 ¶ 72.

ORDERED that Defendants Wells Fargo Bank N.A., Deutsche Bank National Trust Company as Trustee for the Fremont Home Loan Remic Trust 2006-3, America's Servicing Company, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Document No. 4) is GRANTED, and all of Plaintiffs Keith Molin and Carmen Molin's claims against Defendants Wells Fargo Bank N.A., Deutsche Bank National Trust Company as Trustee for the Fremont Home Loan Remic Trust 2006-3, America's Servicing Company, and Mortgage Electronic Registration Systems, Inc. are DISMISSED with prejudice.

Because Plaintiffs appear to have abandoned any claims against Defendants Fremont Investment & Loan, Greenwich Capital Financial Products, Inc., Financial Asset Securities Corp., and Does 1 through 100, who are not shown ever to have been served with Summons and a copy of the Complaint, these Defendants will be DISMISSED without prejudice for want of prosecution. *See* Fed. R. Civ. P. 4(m).

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 19th day of December, 2013.

                                                    _____
                                                    EWING WERLEIN, JR.
                                                    UNITED STATES DISTRICT JUDGE